Thomas A. Aurelio, J.
The defendants, Parade Publications, Inc., Motley and Gorkin, move for a dismissal of each cause of action for legal insufficiency or, in the alternative, pursuant to rule 103 of the Rules of Civil Practice, for an order striking out paragraphs 27 and 28. They argue that plaintiff charges them with publishing an allegedly erroneous statement that the plaintiff had been married to a well-known executive, had terminated the relationship by divorcing him, and is now married to an industrial consultant, that divorce is now commonplace, that a statement that plaintiff divorced her husband is not libelous, that no charge is set forth importing crime or unchastity or other misconduct, that there is no allegation of extrinsic fact to explain or to extract any latent, libelous meaning in the words published, and that there is no allegation of special damage. It may well be that a statement that plaintiff had previously divorced a well-known business executive and is now *91 married to a business consultant is not libelous. The difficulty with the argument is that it is not addressed to the charge contained in the complaint. The article attached to the pleading is entitled: “ How Much Is A Wife Worth? ” It appears to be critical of rules of thumb developed in the course of exercise of judicial discretion resulting in alimony awards, settlements and divisions of community property which, at least the exhusbands believe, admeasure the value of a wife out of all proportion to her true worth. The article does not refer to plaintiff save for the inclusion of a box score in listing eight lucky women including ‘ ‘ Dorothy Hart, 1% million settlement in 1947 from William Paley, president of CBS.”, and a photograph of the plaintiff under which is inscribed, “ Dorothy Hart, actress, divorced CBS prexy William Paley after 15-year marriage, is now wed to industrial consultant.” The pleading presents a proper jury question whether the details of the entire article are, with respect to the plaintiff, abhorrent and expose her to contempt. It is alleged in the complaint, among other things, that plaintiff was never married to anyone other than her present husband and that in 1932 she could not, by reason of her age, have then been married. Thus, it is clear that the libel charged is not the libel which defendants have discussed.
The second cause is based on claimed violation of the Civil Bights Law. The sole objection is that the photograph is not shown to have been used for advertising or trade purposes. It does not appear from the complaint that the magazine in which the article appeared contains any advertising or that anything contained in the complaint precludes the fair inference that articles of the kind here involved are the subject of defendants’ trade and are the primary article of sale to obtain circulation. At least, plaintiff is entitled to maintain the second cause, leaving to the jury the question whether the photograph in connection with the entire article was used for the purpose of trade.
However, the allegations of paragraphs 27 and 28 are vulnerable. They constitute no part of the pleaded cause. Exemplary damage relates to the offending use with knowledge and malice and not to plaintiff’s actual damage recoverable upon violation of the statute.
The motion to dismiss is denied, and the motion pursuant to rule 103 is granted with leave to plaintiff to serve an amended complaint with respect to the second cause of action within 20 days from service of a copy of this order with notice of entry.